UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| BENJAMIN B. SAUNDERS, ET AL | CIVIL ACTION |
| VERSUS | NO. 13-5613 |
| NATIONAL FLOOD INSURANCE PROGRAM, ET AL | SECTION "N"  (2) |

## ORDER AND REASONS

Before the Court is a Motion to Dismiss (Rec. Doc. 24), filed by defendant State Farm Fire and Casualty Company ("State Farm"), seeking to dismiss the plaintiffs' claims pursuant to Rule 12(b)(6).  The plaintiffs have filed an opposition memorandum (Rec. Doc. 30), and State Farm has filed a reply.  Rec. Doc. 34.

**I.    BACKGROUND:**

The plaintiffs, Benjamin and Patricia Saunders, bring this action against the National Flood Insurance Program ("NFIP") and State Farm, seeking losses for flood damage sustained to their Mandeville home when Hurricane Isaac made landfall on August 29, 2012.  *See* Rec. Doc. 1.  They assert a breach of contract action, alleging that the defendants breached their obligations under the standard flood insurance policy ("SFIP") (No. SF00594525) by failing to pay the full amount of covered losses.  *Id.*

## II. LAW AND ANALYSIS:

The Federal Rules provide that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This pleading standard "does not require 'detailed factual allegations.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). However, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* A claim does not have plausibility if "the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct." *Id.* at 679; *see also Twombly*, 550 U.S. at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level...on the assumption that all the allegations in the complaint are true (even if doubtful in fact).").

Although the Court must accept all factual allegations as true, the Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). Indeed, a complaint cannot survive a Rule 12(b)(6) motion with mere "labels and conclusions," "[t]hreadbare recitals of the elements," "an unadorned, the-defendant-unlawfully-harmed-me accusation," or "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557). Thus, the Court's task is to look beyond any such conclusory assertions to the factual "nub" of the complaint — "the well-pleaded, nonconclusory factual allegation[s]" — and determine whether

these factual allegations, taken as a whole, state a facially plausible claim to relief. *Iqbal*, 556 U.S. at 680; *Twombly*, 550 U.S. at 564-65.

A contract that is attached to a motion to dismiss is considered part of the pleadings if it is referred to in the complaint and is central to the plaintiff's claim. *In re Katrina Canal Breaches Litigation,* 495 F.3d 191, 205 (5th Cir. 2007) ("But because the defendants attached the contracts to their motions to dismiss, the contracts were referred to in the complaints, and the contracts are central to the plaintiffs' claims, we may consider the terms of the contracts in assessing the motions to dismiss.") (citing *Causey v. Sewell Cadillac–Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004) ("Documents that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim.")).

Here, it is clear from the face of the SFIP that the policy was issued by the Federal Emergency Management Agency ("FEMA"), not by State Farm.[1] *See* Rec. Doc. 24-2. Indeed, the United States admits that the plaintiffs' SFIP "was issued by and through FEMA," not State Farm. *See* Rec. Doc. 15 at p. 2 ("On October 1, 2010, State Farm discontinued its participation in the [Write-Your-Own] program and a majority of State Farm's flood insurance policies, including, Plaintiffs' policy, were transferred to FEMA and FEMA became the insurer for those policyholders."). Thus, the well-pled factual allegations do not state a facially plausible breach of contract claim against State Farm.

---

[1] The SFIP is expressly referenced in the Complaint (Rec. Doc. 1 at ¶ 3), and thus, is properly considered here. *Katrina Canal Breaches,* 495 F.3d at 205.

The plaintiffs in their opposition memorandum cite to many alleged facts that tend to support its claim against FEMA.  Rec. Doc. 30.  However, the only statement the plaintiffs make regarding State Farm is this:   "Approximately three decades ago State Farm Insurance Company undertook the obligation to act as the fiduciary for the Saunders Family and place insurance for the family home...under the laws passed by Congress establishing the National Flood Insurance Program." *Id.* at 2.  This argument fails for several reasons to salvage a contractual claim against State Farm.  First, the Complaint contains no well-pled factual allegations to support an inference of fiduciary duty (or any other duty beyond those imposed pursuant to the policy).  Second, as State Farm correctly points out, Write-Your-Own ("WYO") carriers writing insurance under the laws establishing the NFIP are fiduciaries and fiscal agents of the United States, *not* of the insured.  *See* 44 CFR § 62.23(f) ("...the primary relationship between the WYO Company and the Federal Government will be one of a fiduciary nature, *i.e.*, to assure that any taxpayer funds are accounted for and appropriately expended."); 44 CFR § 62.23(g).

The Complaint does not purport to assert any cause of action other than one for breach of contract, nor do the plaintiffs argue for one in their opposition memorandum.  Moreover, even if the Complaint did assert an extra-contractual claim, such a claim would be subject to dismissal pursuant to the federal law governing the NFIP.  *See Wright v. Allstate Ins. Co.* ("*Wright I*")*,* 415 F.3d 384, 390 (5th Cir. 2005) (state law claims are preempted by the NFIA); *Wright v. Allstate Ins. Co.* ("*Wright II*")*,* 500 F.3d 390 (5th Cir. 2007) (NFIA does not authorize extra-contractual claims under the federal common law), *cert. denied,* 552 U.S. 1184 (2008).

### III.    CONCLUSION:

For the foregoing reasons, the Court finds that the plaintiffs have failed to state a facially plausible claim against State Farm.  Accordingly;

**IT IS ORDERED** that the Motion to Dismiss filed by State Farm **(Rec. Doc. 24)** is hereby **GRANTED**, and the plaintiffs' claims against State Farm Fire and Casualty Insurance Company are hereby **DISMISSED**.

New Orleans, Louisiana, this 8th day of July, 2014.

_____
**KURT D. ENGELHARDT**
**UNITED STATES DISTRICT JUDGE**